IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY J. SCHEMBRI, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-23-2606 |
| RICHARD D. CIRA, t/a AUTHENTIK SYSTEMS, | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Plaintiff Anthony J. Schembri worked as a consultant and endorser for Defendant Richard D. Cira, who conducts a biometrics business under the trade name "Authentik Systems." Schembri alleges that Cira fell behind in his payments and currently owes him approximately $260,000. On September 25, 2023, Schembri filed the two-count complaint in this case, bringing claims for breach of contract and negligent misrepresentation.[1] (ECF No. 1.) Presently pending is Defendant Richard D. Cira's motion to dismiss the complaint for lack of jurisdiction and for failure to state a claim. (ECF No. 9.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons stated below, Cira's Motion to Dismiss (ECF No. 9) is DENIED.

## **BACKGROUND**

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in

---

[1] Jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332.

1

a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Except where otherwise indicated, the following facts are derived from Plaintiff's Complaint, and accepted as true for the purpose of Defendant's Motion to Dismiss.

In 2018, Defendant Richard D. Cira, who conducts business under the trade name "Authentik Systems," hired Plaintiff Anthony J. Schembri to be a representative and consultant for his business. (ECF No. 1 ¶¶ 4–5, 9.) Authentik Systems is a biometrics monitoring business that tracks and creates reports for employee behaviors and movements. (*Id.* ¶ 8.) Cira hired Schembri, a former law enforcement and corrections official, to endorse and consult for his company. (*Id.* ¶¶ 6, 9–10.) Cira agreed to pay Schembri a $15,000 signing bonus and $5,000 a month for Schembri's consulting and endorsement services. (*Id.* ¶ 11.) Beginning in August 2018, Schembri provided his services to the company, which used his reputation and endorsement to increase its credibility and raise capital. (*Id.* ¶ 12–13.) Almost immediately, Cira fell behind on payments. (*Id.* ¶14.) It is alleged that Cira currently owes approximately $260,000 to Schembri. (*Id.* ¶ 15.)

On September 25, 2023, Schembri filed the two-count complaint in this case, bringing claims for breach of contract (Count I) and negligent misrepresentation (Count II). (ECF No. 1.) Defendant Richard D. Cira then filed the presently pending motion to dismiss the complaint for lack of jurisdiction and for failure to state a claim. (ECF No. 9.) The matter is ripe for review.

**STANDARD OF REVIEW**

Defendant moves to dismiss the present Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to

3

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Twombly*, 550 U.S. at 555. A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

## ANALYSIS

Initially, Cira presents a facial challenge to this Court's jurisdiction under Rule 12(b)(1). He argues that Schembri's claims are not ripe and that this Court accordingly lacks subject matter jurisdiction. Ripeness "addresses 'the appropriate timing of judicial intervention.'" *Deal v. Mercer City Bd. of Educ.*, 911 F.3d 183, 190 (4th Cir. 2018) (quoting *Cooksey v. Futrell*, 721 F.3d 226, 240 (4th Cir. 2013)). The ripeness doctrine is "drawn from both Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction . . . ." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (internal quotation marks omitted). The "ripeness doctrine 'originates in the case or controversy constraint of Article III.'" *South Carolina v. United States*, 912 F.3d 720, 730 (4th Cir. 2019) (citation omitted). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated,

or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks and citations omitted).

Schembri has met his burden for proving subject matter jurisdiction. Schembri alleges that Cira agreed to pay him a $15,000 signing bonus and a monthly fee of $5,000. (ECF No. 1 ¶ 17.) He also alleges that Cira acknowledged that he owed Schembri money and failed to pay what was due. (*Id.* ¶ 19.) Although Cira points to an email from him to Schembri to establish that payment was conditional upon funding, the email also states that Cira will provide "$800.00 to help defray expenses" and that Cira plans to "make the restitution that is needed." (ECF No. 1-1 at 1.) The partial payment and restitution language establish the foundation of Schembri's claims. Moreover, as Schembri correctly notes, the email can properly be construed as "[a]n acknowledgement of monies owed in the amount of $195,000 and a request for forbearance." (ECF No. 12 at 6.) In sum, the facts as alleged, in addition to the exhibit attached to the Complaint, establish that this case is ripe. Accordingly, this Court has subject matter jurisdiction, and Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 9) is DENIED.

Cira also argues that Schembri's complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). "To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001); *Noel v. PACCAR Fin. Corp.*, 568 F. Supp. 3d 558, 569 (D. Md. 2021). Under Maryland law, the elements of a claim for breach of contract are "contractual obligation, breach, and damages." *Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020) (quoting

*Kumar v. Dhanda*, 17 A.3d 744, 749 (Md. Ct. Spec. App. 2011), aff'd, 43 A.3d 1029 (Md. 2012)). A complaint "alleging a breach of contract 'must of necessity allege with certainty and definiteness facts showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant.'" *RRC Ne., LLC v. BAA Md, Inc.*, 994 A.2d 430, 440 (Md. 2010) (emphasis in original) (quoting *Cont'l Masonry Co. v. Verdel Const. Co.*, 369 A.2d 566, 569 (Md. 1977)).

Schembri has adequately alleged a breach of contract claim. He alleges that there was a contractual agreement between himself and Cira, that Cira breached that agreement by failing to pay him what he was due, and that he has been damaged by the breach due to lack of payment. (ECF No. 1 ¶¶ 17–20.) The details of the agreement, although sparse, are sufficient to survive a motion to dismiss: Schembri was due a $15,000 signing bonus and $5,000 monthly in exchange for his endorsement and consulting. (*Id.* ¶ 11.) Schembri performed according to the agreement. (*Id.* ¶ 18.) As noted above, Cira's acknowledgement of money owed, partial payment, and offer for restitution render Schembri's claim not contingent but actual, with a request for forbearance. Accordingly, Cira's alleged failure to pay sufficiently constitutes a breach for the purposes of the motion to dismiss. Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 9) is therefore DENIED as to Count I (breach of contract).

As to Cira's attempt to dismiss Schembri's a claim for negligent misrepresentation, Schembri must allege that:

> (1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement;
> (2) the defendant intends that his statement will be acted upon by the plaintiff;
> (3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury;
> (4) the plaintiff, justifiably, takes action in reliance on the statement; and

6

(5) the plaintiff suffers damage proximately caused by the defendant's negligence.

*Arvon v. Liberty Mut. Fire Ins. Co.*, No. BPG-17-2022, 2019 WL 4243035, at *4 (D. Md. Sept. 6, 2019), *aff'd*, No. 20-1249, 2021 WL 3401258 (4th Cir. Aug. 4, 2021); *see also Martens Chevrolet, Inc. v. Seney*, 439 A.2d 534, 539 (Md. 1982).

In this case, the first element is met because Schembri alleges that he had a business relationship with Cira, who allegedly "misrepresented to Schembri that he possessed the financial ability and willingness to pay Schembri for his involvement in and support of Cira's business venture." (ECF No. 1 ¶ 22.) *See Griesi v. Atl. Gen. Hosp. Corp.*, 756 A.2d 548, 555 (Md. 2000) ("[T]he employer-employee relationship is a business transaction, where a special relationship may develop giving rise to a duty to exercise reasonable care in facilitating the transaction."); *Giant Food, Inc. v. Ice King, Inc.*, 536 A.2d 1182, 1185 (Md. Ct. Spec. App. 1988) ("[T]he most common example of the duty to speak with reasonable care is based on a business or professional relationship, or one in which there is a pecuniary interest."). The second element is met because Schembri alleges that he was solicited by Cira under the auspices of Cira's ability to pay him for his services and that Cira intended Schembri's reliance. (*Id.* ¶¶ 9, 24.) The third element is met because Cira allegedly knew that Schembri would rely on his statements in his decision to work for Cira. (*Id.* ¶¶ 11, 23.) The fourth element is met because Schembri alleges that he relied on Cira's representations. (*Id.* ¶ 9.) Lastly, the fifth element is met because Schembri was allegedly damaged by Cira's negligence due to lack of payment despite his performance. (*Id.* ¶¶ 18, 25.) Schembri therefore states a claim for negligent misrepresentation. Accordingly, Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 9) is DENIED as to Count II (negligent misrepresentation).

## CONCLUSION

For foregoing reasons, it is this 9th day of July, 2024, hereby ORDERED that:

1. Defendant Richard D. Cira's Motion to Dismiss (ECF No. 9) is DENIED;

2. The Clerk of the Court shall transmit copies of this Memorandum Order to counsel of record.

Dated: July 9, 2024

/s/
Richard D. Bennett
United States Senior District Judge